LAW OFFICES OF RAHUL WANCHOO (RW-8725)
Attorneys For Plaintiffs
357 Westfield Avenue
Ridgewood, NJ 07450
Phone: (201) 882-0303
Fax:    (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MINMETALS SPAIN S.A. and CHINA NATIONAL
METAL PRODUCTS IMPORT & EXPORT CO.

                   Plaintiffs,

     - against -

HAWKNET LTD.

                   Defendant.

------------------------------------------------------------X

JUDGE KOELTL

ECF CASE

07 cv CV 3250

**VERIFIED COMPLAINT**


Plaintiffs, MINMETALS SPAIN S.A. "(Minmetals") and CHINA NATIONAL PRODUCTS IMPORT & EXPORT CO. ("China National"), by their attorneys, LAW OFFICES OF RAHUL WANCHOO, allege on information and belief as follows:

### JURISDICTION AND VENUE

1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty

and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2.   At all material times, Plaintiff, Minmetals was and now is a foreign corporation, and was the owner of a consignment of steel (the "Shipment") shipped on board the M.V. ENFORCER (the "Vessel") in Quingdao, China on or about February 1, 2007.

3.   At all material times, Plaintiff, China National was and now is a foreign corporation, and sold the Shipment to Plaintiff, Minmetals in the amount of about $3million pursuant to a contract of sale dated on or about January 1, 2007.

4.   Upon information and belief, at all material times, Defendant, HAWKNET LTD. ("Hawknet"), was and now is a foreign corporation, and was the time charterer of the Vessel.

## FACTS GIVING RISE TO CLAIM

5.   On or about February 1, 2007, Plaintiff, China National loaded the Shipment on board the Vessel at the port of Quindao, China for discharge at the port of La Specia, Italy. The Shipment was carried pursuant to two bills of lading dated on or about February 1, 2007 (the "Bills of Lading") which show the shipper as, China National and the consignee, as Minmetals, and have been signed by Eastern Bridge M.C. ("Eastern Bridge"), as agent for the carrier.

6.   During the period in question, the Vessel was operating under a time charter to Defendant, Hawknet, and in turn had been sub-chartered to various entities including Eastern Bridge, who are not parties to this action. All the charter parties are governed by English law.

7. During the Vessel's voyage from China to Italy, sub-charterer, Eastern Bridge declared bankruptcy. As a consequence of the bankruptcy, Defendant Hawknet has wrongfully exercised a lien over Plaintiffs' Shipment claiming in excess of $700,000 of hire owed by Eastern Bridge.

8. On April 10, 2007 Plaintiffs commenced proceedings in the English High Court claiming that Hawknet's has no contractual or other right to exercise a lien over the Shipment and the exercise of such lien amounts to a wrongful interference with the Shipment. On April 11, 2007 Plaintiffs' English solicitors obtained an interim injunction preventing Hawknet from selling the Shipment.

9. The Vessel is presently in Spain discharging other cargo during which period Hawknet is exercising its lien over the Shipment thereby wrongfully interfering with the Plaintiffs' Shipment by NOT discharging the Shipment at La Specia, the named discharge port in the Bills of Lading.

10. By reasons of the premises, Plaintiffs have sustained damages of the value of the Shipment in the amount of $3 million as best as can presently be calculated.

11. The dispute arises between the parties have been referred to the English courts with English law to apply. In addition to sustained damages, Plaintiffs are also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $750,000.

12. Resolution of these disputes in the English High Court proceedings may take three years. Plaintiffs are entitled to and would receive interest at the present rate of 8.25% from April 2007 to the completion of the lawsuit or about $742,500.

13.   Plaintiffs' total claim against Defendant for which they seek security herein is $4,492,500.

14.   All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

15.   Plaintiffs bring this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with the lawsuit of Plaintiffs' claim against Defendant in the English High Court and to retain jurisdiction to enter a judgment upon the English Court award.

**WHEREFORE,** the Plaintiffs pray the following:

1.   That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Hawknet Ltd., and that it be personally cited to appear and answer the matters set forth above.

2.   That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiffs' claims of $4,492,500, the sum sued for in this Complaint;

3.   That the action thereafter be stayed pending the English High Court award and that a judgment be entered upon the award of the aforesaid lawsuit for the amount of any recovery by Plaintiffs, together with interest, costs and disbursements of this action; and

4. That this Court grant to Plaintiffs such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
April 23, 2007

                                        **LAW OFFICES OF RAHUL WANCHOO**
                                        Attorneys for Plaintiffs
                                        MINMETALS SPAIN S.A. and CHINA
                                        NATIONAL METAL PRODUCTS IMPORT &
                                        EXPORT CO.

                         By: _*Rahul Wanchoo*_
                                    Rahul Wanchoo (RW-8725)

STATE OF NEW YORK)
                             ss.
COUNTY OF NEW YORK)

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiffs.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiffs is that Plaintiffs are a foreign corporation and are not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 23rd day of
April, 2007

*Karlene D. Jackson*
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qualified in Queens County
Commission expires August 17, 2009